UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA,

v.  Case No. 2:21-cr-44-TPB-MRM

CLAYTON MACK RHODES,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S "MOTION TO SUPPRESS STATEMENTS AND EVIDENCE"

This matter is before the Court on Defendant's "Motion to Suppress Statements and Evidence," filed by counsel on February 21, 2022. (Doc. 52). On March 15, 2022, the United States of America filed a response in opposition to the motion. (Doc. 55). The Court held a hearing to address this matter on May 20, 2022. (Doc. 66). After reviewing the motion, response, evidence, testimony, legal arguments, court file, and the record, the Court finds as follows:

### Background

The facts are largely undisputed. On January 22, 2021, Defendant Clayton Mack Rhodes called 911 to report that his roommate was unresponsive. Upon arrival, emergency personnel confirmed that the roommate had passed away. During the death investigation, Defendant gave a recorded statement to Detective Speak. Defendant also purportedly gave consent to search the home, although this was not part of the recording. While documenting the scene, officers located a marijuana cigarette in plain view in one of the bedrooms, as well as some evidence of cocaine residue and paraphernalia. Based on this evidence, Defendant was arrested. During

the arrest, while being searched prior to transport, officers located a small amount of fentanyl in Defendant's wallet.

Law enforcement secured a search warrant for the home and read the warrant to Defendant while he was in the patrol car.  According to law enforcement, after reading the search warrant, Defendant made a statement regarding knowledge of cocaine in the residence; however, this admission is not part of the recording.  During the search of the residence, narcotics and a firearm were located in a backpack in a room that was attributed to Defendant.

At police headquarters, Defendant was interviewed in an interrogation room. Defendant was advised of his *Miranda* rights around twenty minutes into the formal recorded statement at the police station.  After the interview, Defendant was booked into the Lee County jail on state charges.  On June 2, 2021, Defendant was indicted in the United States District Court for the Middle District of Florida for possession of a firearm by a convicted felon.  Defendant seeks suppression of certain statements made and evidence obtained as a result of these events.

## Analysis

### *Statements at Residence*

In the motion, Defendant seeks suppression of statements made to Detective Vernon Speak while at his residence during the initial investigation.  At the hearing, defense counsel indicated that he was no longer objecting to the admissibility of this particular interview.  As such, the motion is denied as to this ground.

*Statements in Patrol Car*

Defendant seeks to suppress statements made in the patrol car after the search warrant was read to him. This encounter was not recorded. At the hearing, Detective Ryan Poklemba, a lieutenant in the narcotics unit, testified that he was one of the officers that responded to the scene. When he arrived, Defendant was already located in the patrol car. Detective Poklemba then introduced himself, and he explained the reason the officers were there (and why some were wearing masks). He testified that Defendant tried to talk to him several times. Detective Poklemba further testified that he told Defendant that he was not going to jail for anything that they had right now, because they had not been in the house yet, but if there was something illegal found in the house, there could be a "different conversation." At that time, Defendant told Detective Poklemba that there was "probably four ounces within a bag inside his room." Detective Poklemba did not ask Defendant questions that led Defendant to make that statement, and he did not follow up with any questions.

Defendant argues that any statements made in the patrol car should be suppressed because he was not advised of his *Miranda* rights. The United States Supreme Court explained in *Rhode Island v. Innis*, 446 U.S. 291 (1980) that *Miranda* safeguards are triggered "whenever a person in custody is subjected to either express questioning or its functional equivalent." "The right to *Miranda* warnings attaches when custodial interrogation begins." *United States v. Crews*, Case No. 3:13-cr-230-J-34MCR, 2014 WL 5690448, at *5 (M.D. Fla. Nov. 4, 2014) (citing *United States v. Acosta*, 363 F.3d 1141, 1148 (11th Cir. 2004)). Even assuming that Defendant was in custody while in the patrol car, he was not subject to interrogation at this juncture, so

*Miranda* warnings were not required. Rather, Defendant's remarks were spontaneously made without interrogation or its functional equivalent. Detective Poklemba only provided Defendant with information concerning who he was and why he was there. Providing this information is not the functional equivalent of interrogation because it is not likely to elicit an incriminating response.

Defendant also argues that his statements were not knowingly and voluntarily made. A confession is admissible "if it is voluntarily given." 18 U.S.C. § 3501. "If the trial judge determines that the confession was voluntarily made it shall be admitted in evidence and the trial judge shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels in deserves under all the circumstances." *Id*. The Eleventh Circuit has explained that "[t]he standard for evaluating the voluntariness of a confession is whether a person made an independent and informed choice of his own free will, possessing the capability to do so, his will not being overborne by the pressures and circumstances swirling around him. Voluntariness depends on the totality of the circumstances and must be evaluated on a case-by-case basis." *United States v. Rivera*, 372 Fed. App'x 958, 963 (11th Cir. 2010) (quoting *United States v. Castaneda-Castaneda*, 729 F.2d 1360, 1363 (11th Cir. 1984)). The Government bears the burden of demonstrating that the challenged statements were voluntary. *See, e.g.*, *Missouri v. Seibert,* 542 U.S. 600, 608 n.1 (2004); *Colorado v. Connelly,* 479 U.S. 156, 168 (1986); *Miranda v. Arizona,* 384 U.S. 436, 475 (1966).

After carefully considering the testimony presented at the hearing, the Court is convinced that the statements at issue here were knowingly, intelligently and voluntarily made. Accordingly, the motion to suppress is denied as to this ground.

***Statements at Police Station***

Defendant also seeks to exclude any statements made at the police station during his formal recorded interviews due to a *Miranda* violation. At the station, two interviews occurred, and Defendant was advised as to his *Miranda* rights around fourteen minutes after the first interview began. The Court will suppress any statements made at the police station <u>prior</u> to the advisement of Defendant's *Miranda* rights. However, the Court will not exclude statements made after the *Miranda* warnings were read and Defendant waived his rights. As the recorded interview clearly establishes, this was not a "question first" scenario where law enforcement attempted to disable an individual from making a free and rational choice like *Missouri v. Seibert*, 542 U.S. 600, 606 124 S.Ct. 2601, (2004). Rather, the Court finds that Defendant's waiver of his *Miranda* rights was knowingly, intelligently, and voluntarily made.

Separate and apart from his *Miranda* argument, Defendant also argues that his statements were not knowingly and voluntarily made. After reviewing the recorded statements and considering the testimony presented at the hearing, the Court finds that the statements at the police station were knowingly, intelligently, and voluntarily made. Accordingly, the motion to suppress is denied as to this ground.

*Legality of Arrest*

Defendant argues that any statements made to law enforcement should be suppressed because he was illegally arrested.[1] Defendant claims that he had immunity from arrest and prosecution for the drug possession charges under Florida law. Under § 893.21, *F.S.*, an individual acting in good faith who seeks medical attention for an individual experiencing a drug-related overdose may not be arrested, charged, or prosecuted for certain offenses if the evidence for the offense was obtained as a result of the individual seeking medical attention. If this statute were to apply, Defendant would be immune from arrest, prosecution, or penalty for violations of §§ 893.147(1) or 893.13(6), *F.S.* Here, Defendant was arrested for drug trafficking under state law, but he has been charged here with a federal firearms offense -- possession of a firearm by a felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Moreover, the immunity statute itself expressly states that "[p]rotection in this section from arrest . . . may not be ground for suppression of evidence in other criminal prosecutions." *Id*. As such, the statute does not provide any basis for suppression. The motion is denied as to this ground.

Defendant also argues that his arrest was not supported by sufficient probable cause. As part of the death investigation, Defendant gave law enforcement permission to walk through the residence and document the scene. While walking through Defendant's bedroom, officers observed, in plain view, a marijuana cigarette, a crack pike, and white powdery residue on a bedside table. Consequently, the Court finds

---

[1] Defendant also seeks to suppress evidence of controlled substances located in his wallet as the fruit of an illegal arrest.

that there is sufficient probable cause to support the arrest. The motion is denied as to this ground.

## Conclusion

Any statements Defendant made at the police station prior to the advisement of his *Miranda* rights will be suppressed. However, all other evidence and statements – including Defendant's statements at the residence, in the patrol car, and following the advisement of his *Miranda* rights at the police station – are admissible for the reasons set forth above. The request to suppress evidence of controlled substances located in Defendant's wallet is denied without prejudice.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Defendant's "Motion to Suppress Statements and Evidence" (Doc. 52) is hereby **GRANTED IN PART** and **DENIED IN PART**, as set forth herein.

**DONE** and **ORDERED** in Chambers, in Fort Myers, Florida, this 22nd day of June, 2022.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**